E-FILED
Tuesday, 07 January, 2014  08:11:48 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| COREY L. JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-cv-1582 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). On April 2, 2008, Petitioner was found guilty by a jury of participating in a conspiracy to distribute more than 5,000 grams of cocaine and more than 50 grams of cocaine base. (*United States v. Johnson*, No. 07-cr-10044, Doc. 56). Petitioner was sentenced to life in prison and 10 years of supervised release. (*United States v. Johnson*, No. 07-cr-10044, 07/18/2013 minute entry). Petitioner directly appealed his conviction up to the United States Supreme Court, which denied his petition for a writ of certiorari on January 11, 2010. *Johnson v. United States*, 130 S.Ct. 1092 (U.S. 2010). Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) on December 16, 2013, almost three years since the denial of his petition for certiorari.

Petitioner asserts in his Memorandum in Support (Doc. 2) of his § 2255 Motion that 1) his pre-trial counsel provided ineffective assistance because he failed

to try to obtain Illinois Department of Corrections ("IDOC") records that would show Petitioner was on house arrest and thus could not have possibly committed certain acts alleged to make up the conspiracy; 2) prosecutors wrongfully withheld the IDOC records and presented a witness at trial whom they knew was lying against Petitioner; 3) a UCC filing statement asserting a security interest in a cash bond used to pay Petitioner's lawyer in a prior state case prevented the Government from using that state case conviction in Petitioner's sentencing such that his sentence is defective; and 4) that his sentence violates the Equal Protection Clauses of the Fifth and Fourteenth Amendments of the Constitution because convictions for which he received a restoration of civil rights were used to augment his sentence.

Although this motion seems untimely on its face given 28 U.S.C. § 2255 (f), the Court has considered the grounds set forth in the motion pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and cannot determine at this time that Petitioner's claims are barred by 28 U.S.C. § 2255 (f) or otherwise without merit.

IT IS THEREFORE ORDERED:

1.    The Clerk SHALL serve a copy of the Motion (Doc. 1) upon Respondent pursuant to Rule 3(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2.    Respondent SHALL file an answer, motion, or other responsive pleading within fifty-six days after service of this Order. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of

Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

4. Petitioner SHALL serve upon the United States Attorney's office a copy of every further pleading or other document submitted for consideration by the Court.

Entered this 3rd day of January, 2014.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
