E-FILED
Monday, 21 April, 2014 12:31:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| COREY L. JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>) | Case No. 13-cv-1582 |

# O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 motion") (Doc. 1). In its January 3, 2014 Order and Opinion directing the Respondent to respond to the Petitioner's 2255 motion, the Court noted that the motion seemed untimely on its face given 28 U.S.C. § 2255(f). Petitioner's motion has now been fully briefed and is ready for decision. For the reasons stated below, Petitioner's motion is dismissed as untimely under 28 U.S.C. § 2255(f). Furthermore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

### BACKGROUND

On April 2, 2008, Petitioner was found guilty by a jury of participating in a conspiracy to distribute more than 5,000 grams of cocaine and more than 50 grams of cocaine base. (*United States v. Johnson*, No. 07-cr-10044, Doc. 56). Petitioner was sentenced to life in prison and 10 years of supervised release. (*United States v. Johnson*, No. 07-cr-10044, 07/18/2013 minute entry). Petitioner directly appealed

his conviction to the Seventh Circuit Court of Appeals and presented only two issues: 1) whether the evidence used to convict him was insufficient, and 2) whether the Court erred when it refused to give a buyer-seller jury instruction. *United States v. Johnson*, No. 08-2817, at *1 (7th Cir. May 28, 2009). After the Seventh Circuit affirmed this Court's judgment, Petitioner filed a petition for a writ of certiorari to the United States Supreme Court. That petition was denied on January 11, 2010. *Johnson v. United States*, 130 S.Ct. 1092 (U.S. 2010). Petitioner filed the instant 2255 motion (Doc. 1) on December 16, 2013, roughly three years and eleven months after the denial of his petition for certiorari.

In his Memorandum in Support (Doc. 2) of his 2255 Motion, Petitioner asserts that 1) his pre-trial counsel provided ineffective assistance because he failed to try to obtain Illinois Department of Corrections ("IDOC") records that would show Petitioner was on electronic monitoring and thus could not have possibly taken trips to Chicago to retrieve drugs, which were acts deemed to be in furtherance of the drug conspiracy; 2) prosecutors wrongfully withheld the IDOC records and presented a witness at trial whom they knew was lying against Petitioner; 3) a UCC filing statement asserting a security interest in a cash bond used to pay Petitioner's lawyer in a prior state case prevented the Government from using that state case conviction in Petitioner's sentencing such that his sentence is defective; and 4) that his sentence violates the Equal Protection Clauses of the Fifth and Fourteenth Amendments of the Constitution because convictions for which he received a restoration of civil rights were used to increase his sentence.

## LEGAL STANDARDS

Section 2255 of Chapter 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting a fundamental defect that results in a complete miscarriage of justice. *E.g.*, *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), *overruled on other grounds by United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994). "A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)). Generally, a § 2255 motion must be filed within one year of the date the judgment against the petitioner became final. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court... denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

## DISCUSSION

### I. Timeliness Under Section 2255(f)

In this case, the United States Supreme Court denied Petitioner's petition for a writ of certiorari on January 11, 2010. *Johnson v. United States*, 130 S.Ct. 1092 (U.S. 2010). According to 28 U.S.C. § 2255(f)(1), Petitioner had one year thereafter,

3

or on or before, January, 11, 2011, to file his 2255 motion.[1] Yet, Petitioner filed the instant motion on December 16, 2013, almost two years and eleven months outside the time his motion was due. Although equitable tolling can apply to § 2255 motions, *see Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013), Petitioner has not set forth any reason for his delay. It is Petitioner's burden to raise grounds for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner's response to the fact that his motion is grossly untimely is that he is actually innocent of the offense for which he was convicted and he has newly discovered evidence that establishes his innocence. (Doc. 13 at 2).

In *McQuiggin v. Perkins*, the Supreme Court explained that the actual innocence standard as applied in *Schlup v. Delo*, 513 U.S. 298 (1995) and *House v. Bell*, 547 U.S. 518 (2006), also applies to the Anti-Terrorism and Effective Death Penalty Act's one year statute of limitations found at 28 U.S.C. § 2244(d)(1).[2] 133 S.Ct. 1924, 1928 (U.S. 2013). It has been explained that actual innocence refers to factual innocence, not merely legal insufficiency of evidence. *Bousley v. United*

---

[1] There are three other possible start dates for the § 2255 motion limitations period, but none of those apply here. They are: (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

[2] Although *McQuiggin* did not deal with the statute of limitations for motions to vacate, set aside, or correct a sentence brought pursuant to 28 U.S.C. § 2255, there does not appear to be any principled reason why its rationale would not apply equally to such motions. *See Walker v. Martin,* 131 S. Ct. 1120, 1129 (2011) (noting similarity between 28 U.S.C. §§ 2244(d)(1) and 2255(f)).

4

*States*, 523 U.S. 614, 624 (1998). In order to show actual innocence, a petitioner must point to new, reliable evidence that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536 (2006) quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Such evidence includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," *Schlup*, 513 U.S. at 324, and also "documentary, biological (DNA), or other powerful evidence," *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005). A self-serving statement of the petitioner alleging actual innocence is not enough. *Hubbard v. Pinchak*, 378 F.3d 333, 340-41 (3d Cir. 2004).

Petitioner offers an Illinois Department of Corrections Parole or Mandatory Supervised Release Agreement as newly discovered evidence that establishes his actual innocence. (Doc. 13 at 27). The agreement is dated May 30, 2002. Petitioner does not bother to explain how this evidence is either new or why he did not have access to it before he filed the instant 2255 motion in December 2013.[3] The

---

[3] Petitioner argues that he could not bring forth this evidence on direct appeal because it was not part of the trial record. Petitioner misses the point. The issue is not whether he could have put the IDOC supervised release agreement into the record on appeal. The issue is whether Petitioner had access to it before he filed this 2255 motion out of the statutory time limit. Petitioner never states when the IDOC supervised release agreement came into his possession. Presumably he obtained it when he signed it, May 30, 2002. In any event, it is inconceivable Petitioner did not know or remember that he was under home confinement in the summer of 2002 until December 16, 2013 when he filed his 2255 motion. Therefore, this evidence cannot be deemed newly discovered.

Furthermore, his argument is without merit because Federal Rule of Appellate Procedure 10 provides a mechanism for the modification of the record on appeal.

Agreement purports to commit Petitioner to electronic home monitoring for a period of ninety days.

Taking the Agreement on its face and assuming Petitioner could not, in fact, travel to Chicago between May 30, 2002 and August 30, 2002, this evidence does not establish Petitioner's actual innocence. First, Petitioner was convicted of participating in a drug conspiracy the lasted well beyond the summer of 2002. According to the superseding indictment, he was charged with participating in a drug conspiracy that began in the summer of 2002 and lasted through January 31, 2007. (No. 07-cr-10044, Doc. 48 at 1).

Second, Ty Johnson testified that Petitioner accompanied him on drug runs "*around* the summer of 2002," he could not recall the exact month. (No. 07-cr-10044, Doc. 93 at 160). Ty Johnson was not the only witness that testified against Petitioner. There was testimony at trial by Willie Friend that he purchased drugs from Petitioner in 2004. (No. 07-cr-10044, Doc. 94 at 14-15). There was similar testimony at trial by Daryl Lee that he purchased drugs from Petitioner to sell in late 2004. (No. 07-cr-10044, Doc. 94 at 347). There was also testimony at trial by Robert Griffin that he purchased drugs from Petitioner to sell in 2005 and 2006. (No. 07-cr-10044, Doc. 94 at 372-74). There was particularly damning testimony from Rico Trice that he bought drugs from Petitioner at the behest of Ty Johnson when Johnson was unavailable and that Trice was to give drug money owed to Johnson to Petitioner, all in the fall of 2002. (No. 07-cr-10044, Doc. 93 at 220-30). While the evidence that Petitioner was under electronic home monitoring during the summer of 2002 may have helped to discredit Ty Johnson's testimony, it would

have done nothing to counter the other witnesses' testimony about Petitioner's involvement in the drug conspiracy.

Third, Petitioner's trial attorney knew of the IDOC records and made a reasonable strategic decision not to offer them into evidence. Petitioner's trial attorney provided an affidavit that confirms he had the Illinois Department of Corrections Parole or Mandatory Supervised Release Agreement in his possession and that in his opinion the records did not provide the defendant an alibi for the entire summer. (Doc. 11-2 at 1). Ty Johnson testified that he and Petitioner began their drug runs around the summer of 2002; he could not recall the exact month. (No. 07-cr-10014, Doc 93 at 160). Moreover, the affidavit confirms that Petitioner's trial counsel made a strategic decision not to introduce the IDOC record because doing so would expose Petitioner's criminal record to the jury and hamper his final argument in which he argued about the untrustworthiness of the witnesses against Petitioner, specifically due to their criminality.[4] (*Id.*; *see* No. 07-cr-10044, Doc. 95 at 239-243).

For all those reasons, Petitioner's "newly discovered" evidence is not newly discovered at all and is not capable of establishing his actual innocence. Thus, there is no basis for this Court to conclude that the actual innocence exception to the one year § 2255(f)(1) statute of limitations applies in this case. Consequently, there is no reason to address the substance of Petitioner's claims any further. Petitioner

---

[4] Incidentally, the general rule is that a lawyer's objectively reasonable strategic decisions cannot constitute ineffective assistance of counsel. *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990) (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).

7

cannot show he is entitled to a waiver of 28 U.S.C. § 2255(f) and his petition is dismissed.

## II. Petitioner's Motions for Discovery

Petitioner filed two separate motions for discovery. The first motion seeks to compel the United States government to turn over to Petitioner certain State of Illinois Department of Corrections records from 2002 and employment records from a private company, USA Technologies, where Petitioner apparently worked in April through October of 2002. (Doc. 7). The second motion seeks all grand jury testimony related to Ty Johnson and drug runs that he and Petitioner took to Chicago in 2002. (Doc. 9). For the reasons discussed in Section I above, these records could only possibly serve to discredit the testimony of Ty Johnson, who was but one of many witnesses against Petitioner. Such evidence would have no effect on the testimony of the other multiple witnesses who established Petitioner was an active participant in a vast drug conspiracy encompassing the summer of 2002 through 2007.

Thus, as to the grand jury transcripts, there is no basis in this case to depart from the general rule that grand jury proceedings remain secret. Although Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure provides that grand jury matters may be disclosed when so directed by a court "preliminarily or in connection with a judicial proceeding," one seeking disclosure of grand jury transcripts must show that the material he seeks is necessary to avoid a possible injustice in another judicial proceeding. *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002) (citing *In re Grand Jury Proceedings, Spec. Sept., 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991)). The potential injustice here would be the denial of the 2255 motion.

8

However, as explained above, Petitioner's 2255 motion must be dismissed because it is untimely and the actual innocence exception to the statute of limitations does not apply. Therefore, Petitioner is not being subjected to any injustice and the disclosure of grand jury testimony in his case is unwarranted.

Petitioner's motion to compel is similarly futile. First, Petitioner has not demonstrated how or even why the United States government would be in possession of State of Illinois Department of Correction records or the employment records of a private company. Second, Rule 6(a) of the Rules Governing Section 2255 Proceedings For the United States District Courts permits district courts to allow discovery only for <u>good cause</u> shown. The Seventh Circuit has explained that "[g]ood cause cannot exist where the facts alleged do not provide a basis for relief." *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990). Petitioner's 2255 motion does not provide any basis for relief because it is untimely. Petitioner's work release records and employment records from 2002 can at best only demonstrate that he may not have been an active participant in the drug conspiracy for a few months in 2002. He is convicted of participating in a drug conspiracy that lasted five years beyond 2002. (*See* No. 07-cr-10044, Doc. 48 at 1). Moreover, his conviction was achieved through the presentation of multiple witnesses testifying to events well beyond 2002. Therefore, there is no good cause to compel the Government to produce the requested discovery.

Unfortunately, the time for Petitioner to fish for exculpatory evidence was before his trial, not now in a collateral proceeding commenced three years and eleven months after his petition for certiorari was denied.

9

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) even though Petitioner has not requested one.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's 2255 motion. Petitioner's 2255 motion is untimely, no tolling—either equitable or statutory—

applies, and the actual innocence exception to § 2255(f)'s statute of limitations is not available under the circumstances of this case. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).[5]

### CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 motion") (Doc. 1) is DISMISSED as untimely. Petitioner's Motion To Compel Disclosure Of Requested Discovery Materials Under Federal Rule Civil. .Procedure 37 (Doc. 7) and Motion For Request For Grand Jury Transcripts Of Ty Johnson Or Any Third Party In Reference To Ty Johnson Testimony And/Or Statements (Doc. 9) are DENIED. No Certificate of Appealability shall issue from this Court. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 17th day of April, 2014.

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                      United States Senior District Judge

---

[5] When a district court denies a certificate of appealability, a petitioner may not appeal the denial but should follow the procedures outlined in Federal Rule of Appellate Procedure 22. Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.